UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO MCCLAIN,

                    Plaintiff,

        v.

DHALIWAL,

                    Defendants.

Case No. 2:25-cv-00859-LK-TLF

REPORT AND RECOMMENDATION

Noted for January 29, 2026

Plaintiff proceeds pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action. This matter is before the Court on defendant's motion to dismiss. Dkt. 10. This matter has been referred to this Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons below, the undersigned recommends that the Court GRANT IN PART and DENY IN PART defendant's motion. Dkt. 10.

BACKGROUND

Plaintiff's complaint names a single defendant, "Dhaliwal", a corrections officer at SCORE Jail. Dkt. 6. Plaintiff's complaint alleges violations of the First, Fifth, Eighth and Fourteenth Amendments. *Id.* at 5.

Plaintiff's complaint alleges female staff members, including defendant Dhaliwal, sexually harassed him between September 2024 and February 2025. *Id.* He alleges that defendant Dhaliwal asked plaintiff if he was raped under "false pretenses." *Id.* at 10. He alleges defendant Dhaliwal found out plaintiff "was raped" and "singled [him] out

REPORT AND RECOMMENDATION - 1

because he was raped." *Id.* at 7. He alleges defendant Dhaliwal "looked at a list of witnesses that [k]new I was sexually assaulted and sexually harassed[.]" *Id.* He alleges defendant Dhaliwal placed him in a particular unit (S-7) which is a 23-hour lockdown unit in order to single him out and sexually harass him. *Id.* He alleges that defendant Dhaliwal would let people out of S-7 who had gotten into fights but that he remained in S-7. *Id.* He alleges defendant Dhaliwal stole his PREA (Prison Rape Elimination Act) letter and made copies and slid it back under plaintiff's door. *Id.* He also alleges defendant Dhaliwal took his 401K paperwork. *Id.* at 9. He alleges defendant Dhaliwal "came through while [he] was taking a shower . . . had a huge smile on her face . . . said she would ruin [Plaintiff's] innocence and laughed like Isabella Rosselli a very mature European laugh." *Id.* at 7. Plaintiff alleges defendant Dhaliwal said she would "check the camera when she walked past plaintiff's cell" and that she told plaintiff she found out he did not have any STDs and that he made gelato from scratch and baked professionally. *Id.* at 8. Plaintiff further alleges that defendant Dhaliwal would stare at him while he was on the toilet and in the shower, and that she pulled him off the toilet. *Id.* at 7-12.

Plaintiff alleges his requests to move housing units were denied and that he was "illegally shipped" to Shelton. *Id.* at 10-11. He alleges this was done "without anybody telling" defendant Dhaliwal but also that "she is not the first classification person to try to send me to a COA and I have not done anything." *Id.*

Plaintiff alleges he was given a tablet to speak with his attorney and the tablet kept freezing. *Id.* at 8. Plaintiff further maintains when he was given the tablet, an "older woman" was on the other side of the call purporting to be his attorney but, plaintiff knew she was not his attorney because his "attorney is an older gentleman and deaf." *Id.*

REPORT AND RECOMMENDATION - 2

With respect to injuries, plaintiff alleges that he "suffered psychological trauma from begin raped" and that defendant Dhaliwal tried to pull him off the toilet and stared at him in the shower and toilet. *Id.* at 12.

Plaintiff seeks $100,000 in "actual and punitive damages." *Id.*

Defendant moves to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. Plaintiff did not file a response. Defendant filed a reply. Dkt 13.

DISCUSSION

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A.      Cruel and Unusual Punishment/Right to be Free from Punishment

"The status of the detainees determines the appropriate standard for evaluating conditions of confinement." *Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987). Under the Fourteenth Amendment "[d]ue process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that

REPORT AND RECOMMENDATION - 3

punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

A convicted prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful — "a departure from 'the evolving standards of decency that mark the progress of a maturing society,' and the defendant acted with intent to harm the prisoner." *Jones v. Darden*, No. 15-CV-02022-JSC, 2016 WL 4585765, at *2 (N.D. Cal. Sept. 2, 2016) (quoting *Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted)). "Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm[.]" *Id.* (citing *Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc)).

A prisoner must demonstrate that "the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment." *Id.* (citing *Jordan*, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners violated Eighth Amendment); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (reversing grant of summary judgment for defendant on Eighth Amendment claim where evidence was submitted that correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus)).

With respect to a pretrial detainee, "[f]or a particular governmental action to constitute punishment [under the Fourteenth Amendment], (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental

REPORT AND RECOMMENDATION - 4

action must be to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing *Bell*, 441 U.S. at 538, 99 S.Ct. 1861). "[T]o constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030 (citation omitted). Once harm is established, the court proceeds to consider "whether this harm is imposed 'for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.' " *Id.* (quoting *Bell*, 441 U.S. at 538, 99 S.Ct. 1861). "[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020) (quoting *Demery*, 378 F.3d at 1029 (citing *Bell*, 441 U.S. at 535 n.16, 99 S.Ct. 1861)).

Here, it is unclear whether plaintiff is a pretrial detainee or a convicted prisoner. Plaintiff does not identify his status in his complaint although the Court notes that the events plaintiff describes in his complaint occurred while he was at SCORE Jail, raising a significant question as to whether he was a pretrial detainee or convicted prisoner at the time. Defendants move to dismiss plaintiff's claims under the Eighth Amendment only. Yet the Court finds that under either the Eighth Amendment standard or the Fourteenth Amendment standard, plaintiff has alleged sufficient facts to state a claim.

Construing the allegations of the complaint in the light most favorable to plaintiff, he alleges that defendant Dhaliwal intentionally found out plaintiff had been previously raped and sought to single him out by keeping him in the S-7 unit. He alleges defendant Dhaliwal watched him in the shower and when he was on the toilet, once pulled him off

REPORT AND RECOMMENDATION - 5

the toilet, that she would "grin" at him while watching him in the shower. He also alleges defendant Dhaliwal made comments to plaintiff that: she would "ruin his innocence", that she found out he did not have any STDs, and that he made gelato from scratch and baked professionally. Plaintiff alleges that this harassment took place over the course of six months.

For pleading purposes, plaintiff's allegations set forth harassment that was sufficiently pervasive and egregious as to violate the Eighth Amendment. *See Jones*, 2016 WL 4585765, at *2 ("Plaintiff's allegations about Defendant persistently soliciting sex with him and stalking him, and threatening to retaliate against him, if accepted as true, can be reasonably viewed as sufficiently pervasive and egregious as to amount to a violation of the Eighth Amendment."). Likewise, plaintiff's allegations set forth harassment that was sufficiently harmful to plaintiff in that it significantly exceeded or was independent of, the inherent discomforts of confinement, and was imposed for the purpose of punishment – it was not an incident of some other legitimate governmental purpose. *Vazquez*, 949 F.3d at 1162 (reversing the district court's award of summary judgment to defendants on plaintiff's Fourteenth Amendment Due Process claim where plaintiff submitted evidence that the defendant officer made sexual comments to her, groomed her for sexual abuse, and looked at her inappropriately while she was showering.). The Court should find plaintiff has alleged sufficient facts to state a claim under either the Eighth or Fourteenth Amendment standard.

REPORT AND RECOMMENDATION - 6

Accordingly, defendant's motion to dismiss plaintiff's claims, whether evaluated under the Eighth or Fourteenth Amendment, should be denied.[1]

B.    Right to Bodily Privacy and Right to Bodily Integrity

Liberally construed, the Court also understands plaintiff's complaint to allege a Fourteenth Amendment claim that defendant Dhaliwal's actions in watching plaintiff on the toilet and in the shower and pulling him off the toilet violated his right to bodily privacy and integrity.

The Ninth Circuit has explained that "the security of one's privacy against arbitrary intrusion by the police is basic to a free society and is therefore 'implicit in the concept of ordered liberty,' embraced within the Due Process Clause of the Fourteenth Amendment." *York v. Story*, 324 F.2d 450, 455 (9th Cir. 1963). And, "shield[ing] one's unclothed figure from the view of strangers, particularly strangers of the opposite sex[,] is impelled by elementary self-respect and personal dignity." *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988); *see also Byrd v. Maricopa Cty. Bd.*, 845 F.3d 919, 923-24 (9th Cir. 2017).

The Ninth Circuit has found that this right to privacy extends to prison inmates, *Sepulveda v. Ramirez*, 967 F.2d 1413, 1415 (9th Cir. 1992), and has been found to be violated when the view of the inmate is "frequent[ ] and up close" or "neither obscured nor distant." *Byrd*, 845 F.3d at 919, 922, 924. But an inmate's privacy rights have been

---

[1] The Court notes that defendant also argues that plaintiff's allegations are not actionable under the Prison Rape Elimination Act ("PREA"). The Court does not construe plaintiff's complaint to seek to raise a claim under PREA. But to the extent the complaint could be construed to raise such a claim, plaintiff fails to state a claim as the PREA does not create a separate private right of action. *See, e.g.*, *Denton v. Pastor*, 2017 WL 5068329, at *1 (W.D. Wash. Nov. 2, 2017) ("any claim predicated on purported statutory violations of the PREA must be dismissed"); *Reed v. Racklin*, 2017 WL 2535388, at *2 (E.D. Cal. June 12, 2017) ("The PREA does not give rise to a private cause of action").

REPORT AND RECOMMENDATION - 7

found not to be violated where the view of the inmate is "restricted by distance, casual in nature, and justified by security needs." *Ioane v. Hodges*, 939 F.3d 945, 953 (9th Cir. 2018) (internal quotations and citation omitted).

In *Sepulveda*, the Ninth Circuit found that conduct where a male parole officer observed a female parolee while she used the toilet, when the officer's view was "neither obscured nor distant," violated her clearly established right to bodily privacy. 967 F.2d 1413. And recently, in *Foust v. Hyde*, No. 6:21-CV-01440-MTK, 2025 WL 775795, at *6 (D. Or. Mar. 10, 2025), the Court denied summary judgment on plaintiff's right to privacy claim where she – a transgender female inmate -- alleged she was forced to shower in plain view of male staff and other inmates.

And, "[m]ost cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881–82 n.6 . (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 882 n.7 (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " *Id.* (quoting *Sacramento*, 523 U.S. at 848 n. 8, 118 S.Ct. 1708); *Vazquez*, 949 F.3d at 1162.

In *Vazquez*, the Ninth Circuit reversed the district court's award of summary judgment to defendants on plaintiff's Fourteenth Amendment bodily privacy and bodily integrity claims where plaintiff submitted evidence that the defendant officer made

REPORT AND RECOMMENDATION - 8

sexual comments to her, groomed her for sexual abuse, and looked at her inappropriately while she was showering. 949 F.3d 1153, 1157.

The defendant did not directly address a right to bodily privacy or right to bodily integrity claim in the motion to dismiss and the Court should find, particularly in the absence of specific argument from defendant, that plaintiff has alleged sufficient facts to state a claim for violation of his Fourteenth Amendment right to bodily privacy and right to bodily integrity. Accordingly, to the extent the motion to dismiss can be construed to seek dismissal of such claims, the motion should be denied, and these claims should be permitted to proceed.

C.    Retaliation

Plaintiff alleges that his requests to move housing units were denied and that he was "illegally shipped" to Shelton. Dkt. 6 at 10-11. He alleges this was done "without anybody telling" defendant Dhaliwal but also that "she is not the first classification person to try to send me to a COA and I have not done anything." *Id.*

The elements of a First Amendment retaliation claim arising in the custodial context are: (1) an assertion that a state actor took some adverse action against a plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate institutional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

The use of an internal grievance procedure constitutes "protected conduct" for the purposes of a first amendment retaliation claim. *Rhodes,* 408 F.3d at 567; *see also*

REPORT AND RECOMMENDATION - 9

*Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir. 1997) (those in custody may not be retaliated against for use of grievance system); *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995) (individuals may not be penalized for exercising the right of redress of grievances). To show that an adverse action was taken "because of" their protected conduct, a plaintiff must allege facts showing the protected conduct was "the substantial or motivating factor behind the defendant's conduct." *Brodheim*, 584 F.3d at 1271 (citations and quotations omitted). A plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals" for the actions of which they complain. *Pratt v. Rowland*, 65 F.3d 802, 806–07 (9th Cir. 1995).

Plaintiff fails to allege sufficient facts to support a First Amendment retaliation claim. His allegations are contradictory in that he appears to allege he was transferred without defendant Dhaliwal being told but also that she was responsible for trying to send him away. And plaintiff alleges insufficient facts to demonstrate defendant Dhaliwal was responsible for his transfer. Plaintiff also fails to adequately identify the protected conduct he was engaged in that was the basis for the alleged retaliation.

Accordingly, this claim should be dismissed without prejudice for failure to state a claim and with leave to amend.

D.    Remaining Claims

Plaintiff also makes allegations that appear to relate to difficulties accessing the Courts or his attorney. But plaintiff does not connect these claims to defendant Dhaliwal in any way nor does he name any other individual or entity as a defendant. Furthermore, plaintiff's claims are too vague and unclear at this point for the Court to discern whether he can state a claim. Plaintiff also identifies and makes some general

allegations against other individuals in his complaint, but he does not name these individuals as defendants, nor does he allege sufficient facts against them to state a claim. Accordingly, these claims should be dismissed without prejudice for failure to state a claim and with leave to amend.

E.      Physical Injury Requirement

Defendants also argue plaintiff's claims should be dismissed because he fails to allege he was subjected to physical injury as a result of the alleged harassment, and that 42 U.S.C. 1997e(e) precludes any claim by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. Dkt. 10. Even so, this provision does not apply to allegations of constitutional violations not premised on mental or emotional injury. *See Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002).

In his complaint, plaintiff seeks $100,000 in actual and punitive damages. Dkt. 6 at 12. When plaintiff has actionable claims for compensatory, nominal or punitive damages premised on violations of his constitutional rights, and not on any alleged mental or emotional injuries suffered because of the violations, his claims are not barred by § 1997e(e). *See Oliver*, 289 F.3d at 630. Accordingly, plaintiff's motion to dismiss on this basis should be denied.

F.      Qualified Immunity

Defendant argues she is entitled to qualified immunity and dismissal of the case because defendant fails to allege a constitutional violation.

When defendants assert qualified immunity in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "'dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920,

REPORT AND RECOMMENDATION - 11

936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). Although a defendant is entitled to raise qualified immunity in a motion to dismiss, it is better addressed in the context of a motion for summary judgment. *See Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (noting it is difficult for courts to decide qualified immunity at the motion to dismiss stage because it forces the Court to decide "far-reaching constitution questions on a nonexistent factual record," and suggesting the issue is better left for summary judgment) *overruled in part on other grounds by Wilkie v. Robbins*, 551 U.S 537 (2007). Thus, if the Court determines dismissal is not appropriate, the Court may deny a qualified immunity defense without prejudice and allow a defendant to re-raise the defense after further factual development at summary judgment or trial. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999).

In determining whether an official is entitled to qualified immunity, a court must determine whether, reading the allegations in the light most favorable to plaintiff: (1) Defendant's conduct violated a constitutional right; and (2) the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A Court may address the steps of the qualified immunity analysis in whichever order it finds most expedient. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The second step of the qualified immunity analysis provides that defendants are entitled to qualified immunity if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Plaintiff bears the burden of proving that the right allegedly violated was clearly established at the time of the violation; if the plaintiff meets this burden, then the defendant bears the burden of establishing that the defendant reasonably believed the alleged conduct was lawful. *See*

REPORT AND RECOMMENDATION - 12

*Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 916-17 (9th Cir. 1996); *Browning v. Vernon*, 44 F.3d 818, 822 (9th Cir. 1995); *Neely v. Feinstein*, 50 F.3d 1502, 1509 (9th Cir. 1995), *overruled in part on other grounds by L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996); *see also Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1109 (9th Cir. 2011) ("The plaintiff bears the burden to show that the contours of the right were clearly established.").

Here, defendant argues she is entitled to qualified immunity and dismissal of the case because, under the first prong of the qualified immunity analysis, defendant fails to allege a constitutional violation. But for the reasons discussed above, plaintiff has alleged sufficient facts to state a claim that defendant's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and, if plaintiff is a pretrial detainee, his Fourteenth Amendment right to be free from punishment, and that defendant's actions violated his right to bodily privacy and right to bodily integrity under the Fourteenth Amendment. Defendant makes no substantive argument with respect to the second prong of the qualified immunity — that the constitutional right was not clearly established. Furthermore, the Court cannot conclude here, based solely on the complaint itself and without further factual development, or argument from the defendant, that qualified immunity applies.

The Court recommends denying defendant's motion to dismiss without prejudice regarding their qualified immunity defense. Defendant should be allowed to assert the defense, if appropriate, after further development of the record.

G.    Leave to Amend

REPORT AND RECOMMENDATION - 13

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In dismissing for failure to state a claim under Rule 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citations and quotation marks omitted).

As for the claims the Court has recommended for dismissal, plaintiff has not been given an opportunity to amend his complaint to cure the identified deficiencies in those claims. The Court cannot conclude that it would be futile for plaintiff to attempt to cure the identified issues. Accordingly, plaintiff should be granted leave to amend to cure the deficiencies in the claims the Court has recommended for dismissal within 30 days of the order adopting this report and recommendation.

<u>CONCLUSION</u>

For those reasons, the undersigned recommends that the Court GRANT IN PART and DENY IN PART defendants' motion to dismiss. Dkt. 10. Defendant's motion should be denied with respect to: (1) plaintiff's claims that defendant's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and, if plaintiff is a pretrial detainee, his Fourteenth Amendment right to be free from punishment; (2) plaintiff's claims that defendant's actions violated his right to bodily privacy and right to bodily integrity under the Fourteenth Amendment; (3) defendant's request to dismiss plaintiff's claims based on the PLRA physical injury requirement; (4) defendant's request to dismiss based on qualified immunity. Defendant's motion should

REPORT AND RECOMMENDATION - 14

be granted with respect to plaintiff's remaining claims and those claims should be dismissed without prejudice and with leave to amend within 30 days of the order adopting this report and recommendation. A proposed order  is attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have 14 days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **January 29, 2026**, as noted in the caption.

Dated this 14th day of January, 2026.


Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15