UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO MCCLAIN,

                    Plaintiff,

        v.

DHALIWAL,

                    Defendant.

CASE NO. 2:25-cv-00859-LK-TLF

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 15. Judge Fricke recommends that the Defendant Dhaliwal's motion to dismiss be granted in part and denied in part. *Id.* at 1. No party filed objections. For the reasons described below, the Court adopts in part and declines to adopt in part the R&R. Dhaliwal's motion is granted.

This is a Section 1983 civil rights action, and McClain proceeds pro se and in forma pauperis. 42 U.S.C. § 1983; Dkt. Nos. 4–6. McClain names one defendant—"Miss Dhaliwal," a corrections officer at SCORE Jail in King County, Washington, where McClain was residing between 2024 and 2025—and alleges violations of the First, Fifth, Eighth, and Fourteenth

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION - 1

Amendments. *See* Dkt. No. 6 at 2, 5–6. McClain avers that that Dhaliwal and other female staff members sexually harassed him[1] and that he was illegally moved to a different facility. Dkt. No. 6 at 7–12. McClain also alleges that he was invited to speak with someone under the pretense that it was his attorney when it was not, *see, e.g., id.* at 8, and he asserts other unclear allegations related to legal mail and access to the courts, *see, e.g., id.* at 9.

McClain alleges that he "suffered psychological trauma from being raped" and that "Dhaliwal tried to pull [him] off the actual toilet," "would not leave [him] alone," "sexually harassed [him]," and "would stare at [him] in the shower and toilet." *Id.* at 12 (citation modified). He seeks $100,000 in "actual and punitive damages[.]" *Id.*

Dhaliwal filed a motion to dismiss, Dkt. No. 10, which McClain failed to oppose, *see* Dkt. No. 13. Judge Fricke recommends granting the motion except as to "(1) plaintiff's claims that defendant's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and, if plaintiff is a pretrial detainee, his Fourteenth Amendment right to be free from punishment; (2) plaintiff's claims that defendant's actions violated his right to bodily privacy and right to bodily integrity under the Fourteenth Amendment; (3) defendant's request to dismiss plaintiff's claims based on the PLRA [Prison Litigation Reform Act] physical injury requirement; (4) defendant's request to dismiss based on qualified immunity." Dkt. No. 15 at 14. Objections to the R&R were due on January 29, 2026, *id.* at 15, but none were filed.

Under Local Civil Rule 7(b), opponents are obligated to timely file a brief in opposition to a movant's motion. "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b). Furthermore, under Local Civil Rule 72(b), "[a] party must file and serve any objections to a magistrate judge's

---

[1] The R&R details these allegations. Dkt. No. 15 at 1–3.

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION - 2

recommended disposition within 14 days after being served." Aside from these provisions of the Local Civil Rules—with which McClain was required to comply, *see Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants "are subject to the same procedural requirements as other litigants."); *Chen v. King Cnty. Sheriff's Off.*, No. 2:21-CV-01492-LK, 2022 WL 17960617, at *12 (W.D. Wash. Dec. 27, 2022) (pro se litigants are expected to abide by the Local Civil Rules)—he was also individually provided with a notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) and *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), informing him in a fair, timely and adequate manner of what was required of him in order to oppose the motion to dismiss, Dkt. No. 11 (filed contemporaneously with the motion to dismiss). Judge Fricke also instructed in her R&R that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have 14 days from service of this report to file written objections," and "[f]ailure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal." Dkt. No. 15 at 15. Nevertheless, McClain failed to oppose Dhaliwal's motion to dismiss and did not object to the Report and Recommendation.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Both the public interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal here. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). "The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief." *Solorio v. Garland*, No. C21-1068 RSL-TLF, 2021 WL 5967939, at *1 (W.D. Wash. Dec. 1, 2021). McClain's failure to respond to the motion to dismiss and the R&R suggests a lack of interest in pressing his case and a lack of belief

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION - 3

in its merits. *See id.* No less drastic sanction than dismissal appears to be available. Although the public policy favoring disposition of cases on their merits weighs in favor of reaching the merits of this case, the other relevant factors strongly favor dismissal. *See Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025) (affirming dismissal of case in similar circumstances); *Lane v. Lewis*, 62 F.3d 1424 (9th Cir. 1995) (same).

Accordingly, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the R&R. Dkt. No. 15. Dhaliwal's motion to dismiss, Dkt. No. 10, is GRANTED, and this case is DISMISSED.

Dated this 5th day of February, 2026.

Lauren King
United States District Judge

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION - 4